# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ANGELETHA DE'BRUCE SLAUGHTER, | : | |
| Plaintiff, | : | Civil Action |
| | : | NO. 5:06-cv-187 (CAR) |
| v. | : | |
| CITY OF UNADILLA, *et al.*, | : | |
| Defendants. | : | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On June 2, 2004, Plaintiff was arrested by officers of the City of Unadilla Police. On June 2, 2006 she brought this lawsuit, with various claims under federal and state law against the City of Unadilla, the Mayor of Unadilla and members of the City Council, and against three unnamed officers of the Unadilla Police. Defendants have moved for summary judgment. For the reasons set forth below, Defendants' motion for summary judgment (Doc. 26) is **DENIED**, in part, and **GRANTED**, in part.

The motion for summary judgment is denied as to claims against the John Doe defendants. Instead, Plaintiff's claims against them must be **DISMISSED, WITHOUT PREJUDICE**. Plaintiff has never sought to amend her Complaint to identify the unnamed officers, named in the Complaint as Defendants John Doe, Police Chief, John Doe # 1, Police Officer, and John Doe # 2, Police Officer. These Defendants have not been served and are therefore not subject to the jurisdiction of the Court.

1

With regard to all other Defendants, the Court finds upon review of the arguments of counsel, the evidentiary materials on file, and the relevant legal authorities that there are no genuine issues of material fact and that those Defendants are entitled to judgment of matter of law. Accordingly, as to Defendants City of Unadilla, Sidney Hughes, Jeffery Minor, Dr. Bobby West, Clint Shugart, Greg Speight, Tony Lester, and Dexter Whittaker, the motion for summary judgment is **GRANTED**.

## I. FACTUAL BACKGROUND

The arrest that forms the basis for this lawsuit occurred in the course of a traffic stop. Plaintiff has testified that she and her husband, Kirk Slaughter, were stopped by an officer of the Unadilla police at approximately 8:00 p.m., less than a quarter mile from Plaintiff's residence. Mr. Slaughter was driving Plaintiff's vehicle, a Ford Explorer. The two were driving through town looking for family members to invite to a family reunion. The officer who made the stop is named in the Complaint as John Doe # 1, but has since been identified as Officer David Smith. The officer told Mr. Slaughter and Plaintiff that he had stopped them because the car's tags appeared suspicious. Plaintiff's vehicle had a cardboard temporary tag from Illinois mounted on top of a plastic temporary tag from Georgia.

During the stop, Officer David Smith asked Mr. Slaughter and Plaintiff for identification. Plaintiff stated that she did not have her driver's license with her. She believed that she had left it at home. Mr. Slaughter gave the officer his driver's license. The officer called in Mr. Slaughter's identification information and learned that he had outstanding warrants in the State of Illinois for failure to register as a sex offender and for assault on a police officer. Mr. Slaughter was placed under arrest for the outstanding warrants. While Mr. Slaughter was being arrested, a second officer

2

arrived on the scene. This officer is named in the Complaint as John Doe # 2, but has since been identified as Officer Laurence Smith.

After Mr. Slaughter was arrested and placed in the patrol car, Officer David Smith began to search Plaintiff's vehicle. Plaintiff approached the officer from the passenger side of the vehicle and asked him what he was doing. Plaintiff described he conversation with the officer as follows:

> And he's opening the glove compartment. So I'm saying – now I walk up behind him, and I'm saying, excuse me, what are you doing? He says, I'm searching your vehicle. I'm like, why are you searching my vehicle? He said, I have a right to search your vehicle. I said, I thought you're supposed to ask or have a search warrant or something? He said he didn't have to. And that's when he told me to get back or I'll place you under arrest.

Plaintiff's Dep. (Doc. 28), pp. 74-75. Plaintiff stepped back and the officer continued to search. The officer then asked Plaintiff what was in the vehicle. Plaintiff informed him that there was a machete under the seat in the back.

Shortly afterward, Plaintiff's brother arrived on the scene. He told the officers to excuse Plaintiff, because she had Post Traumatic Stress Disorder. Plaintiff does not know what prompted her brother to tell the officers about her PTSD, and denies that she was being disruptive at the time. Officer David Smith stated that he was familiar with PTSD from his service in the military and directed Plaintiff to take a seat on the patrol car. Plaintiff told the officer that she was having a panic attack and asked him for a cigarette. The officer refused to bring her cigarettes, which were located on the front seat of the car.

Later, Officer David Smith placed Plaintiff under arrest. She was handcuffed and placed in the back of the patrol vehicle with her husband. Plaintiff has testified that she did not know why she was being arrested. The officer then drove Plaintiff and her husband to Plaintiff's residence. While at the residence, Officer Laurence Smith let Plaintiff out of the car and removed her handcuffs,

3

which Plaintiff complained were too tight. Mr. Slaughter remained in the car. Officer David Smith went into the house. Plaintiff's daughter, who was fourteen at the time, was at the front door when the officer entered. The officer remained inside the house for approximately forty-five minutes to one hour. While Plaintiff was waiting outside, her brother brought her a pack of cigarettes and her brother's sister-in-law went inside to get her medication. After the officer came out of the house, Plaintiff overheard him talking to her brother about the machete and growing marijuana. Plaintiff's brother told the officer "they don't even know how to grow corn, much less marijuana." Plaintiff's Dep., pp. 98-99.

After Officer David Smith left the house, Plaintiff and her husband were taken to the Dooly County jail and turned over to the custody of the Dooly County Sheriff's Office.[1] Plaintiff has testified that she was never told what she was charged with and that she still does not know. She admits, however, that she was given three citations for possession of marijuana, lying to a police officer, and interfering with a police officer. Plaintiff's Dep., p. 102. The citations directed Plaintiff to report to court in Unadilla on July 7, 2004. Plaintiff and Mr. Slaughter reported to court and both demanded jury trials. Mr. Slaughter pled guilty in April 2005 and received a probated sentence of one year. Plaintiff's case has not been resolved, and Plaintiff has testified that there has been no action on her case since she demanded a jury trial in July 2004. Plaintiff has testified that she posted a $3800 bond, of which only $1000 has since been returned to her. She does not know why this money was returned to her, but believes that it might have been a bond for Mr. Slaughter.

## II.  CLAIMS AGAINST JOHN DOE DEFENDANTS

---

[1] Plaintiff also brought a separate suit against the Dooly County Sheriff's Office (Slaughter v. Dooly County, et al., Case No. 5:06-cv-143 (CAR)), raising claims related to her conditions of confinement. The Court granted summary judgment in favor of defendants in that case on September 28, 2007.

4

Plaintiff's claims against the John Doe defendants must be dismissed because Plaintiff has failed to bring them before the jurisdiction of the Court. The facts set forth above, which are taken entirely from Plaintiff's testimony and construed in the light most favorable to Plaintiff, would suggest that Plaintiff's primary claim is against Officer David Smith, who allegedly initiated the stop, arrested her, and searched her house. It is not clear that Plaintiff has any claims against Officer Laurence Smith, named as John Doe # 3, or against the police chief, who has never been identified and is named as John Doe. Regardless of the nature of her claims, Plaintiff cannot proceed against David Smith or the other John Doe defendants in this action because they have not been named as parties and have not been served with process.

Plaintiff has failed to amend her Complaint to identify any of the John Doe defendants, even though she has had several opportunities to learn their identities since before the beginning of the litigation and has in fact known their identities since at least November 2006. Finding their identities was not a difficult matter. Unadilla is a small town. Plaintiff has testified that she was personally acquainted with Leonard Smith before her arrest, though she did not know his first name. She also had conversations with Leonard Smith after her arrest, but did not think to ask him his name or the name of his fellow officer. Plaintiff's Dep., pp. 115-16. Plaintiff did not attempt to obtain the police report of the incident prior to filing her Complaint, but acknowledges that she received it by November 2006, when it was provided in discovery by Defendants. Id. at 114. Defendants' counsel explicitly reminded Plaintiff during her deposition that David Smith had not been named as a defendant in the case. Id. Plaintiff failed to take advantage of these opportunities and never formally brought Officer David Smith or the other John Doe defendants into this action.

Because the John Doe defendants have never been properly named and there has been no service of process, the Court currently has no jurisdiction over them. It is well-settled that service of process is "the vehicle by which the court obtains jurisdiction." U.S. S.E.C. v. Carrillo, 115 F.3d 1540, 1543 (11th Cir. 1997). "Courts generally permit the use of fictitious names when the only way a plaintiff can obtain the name of a defendant who has harmed him is through the discovery process in a case filed against that defendant as an unnamed party." Plant v. Doe, 19 F. Supp. 2d 1316, 1320 (S.D.Fla. 1998). Once a plaintiff has had an opportunity to ascertain the true name of a John Doe defendant, the plaintiff must amend the complaint to name the defendant and effect service of process. Where the John Doe parties have not been named or served, and thus have not been brought before the authority of the Court, the Court cannot grant summary judgment in their favor. The proper course at this late stage of the litigation is to dismiss the claims against them without prejudice. See James v. Mazda Motor Corp., 222 F.3d 1323, 1324 n. 6 (11th Cir. 2000). See, also, Petty v. County of Franklin, Ohio, 478 F.3d 341 (6th Cir. 2007).

## III. FEDERAL CLAIMS AGAINST MEMBERS OF UNADILLA CITY COUNCIL

In addition to the John Doe Defendants, Plaintiff has named as defendants the Mayor Pro Tem and the members of the Unadilla City Council in their individual capacities. These defendants are apparently named as defendants because the City Council has authority over the City Police Department. There is, however, no respondeat superior liability under Section 1983. To establish the liability of supervisory officials, a plaintiff must show either that the official personally participated in the alleged constitutional violation or that there is a causal connection between the official's actions and the alleged violation. Braddy v. Fla. Dept. of Labor and Employment Sec., 133 F.3d 797, 801-802 (11th Cir. 1998). The City Council members are entitled to summary

judgment because Plaintiff has failed to produce evidence that any of them personally participated in any activities that deprived Plaintiff of her constitutional rights or subjected her to discrimination on the basis of race or disability. Her allegation against the City Council members is essentially that they were aware of the absence of probable cause for her arrest and the search of her house and "continued to take no action for corrections." Plaintiff's Response Brief, pp. 26-27. This general allegation is insufficient to demonstrate personal participation by the members of the City Council in the alleged wrongful arrest and search of Plaintiff and her home. It is also unsupported by any evidence that the City Council was aware of the arrest and search when it took place or afterwards. In her deposition, Plaintiff was asked if she had any evidence that any member of the City Council or the Mayor knew that the officers were searching her house that night. She responded, "I sat in on their meeting once, and I know that they talk. They talk. They knew." Plaintiff's Dep., p. 137. In response to a question about what was specifically discussed at that meeting, Plaintiff stated, "I'm not saying they said anything about that case that day. Come on, Mr. Richardson." Id. at 138. In other words, Plaintiff concedes that her allegation against the City Council members is based on nothing but speculation.

Plaintiff also asserts that the members of the City Council ordered a helicopter to fly over her property to look for marijuana. There is no evidence to support this claim. Plaintiff did not witness the helicopter flight and did not witness any discussion of such a flight by the City Council. She testified that she heard about it from her neighbors and assumed that it was ordered by the City of Unadilla. Plaintiff's Dep., pp. 131-136. Even if there were evidence that this alleged helicopter search took place, it is unclear what relevance it has to this case. A helicopter flying over an open

7

piece of property is not a search that raises Fourth Amendment concerns. See United States v. Hatch, 931 F.2d 1478 (11th Cir. 1991); Florida v. Riley, 488 U.S. 445 (1989).

## IV. FEDERAL CLAIMS AGAINST THE CITY OF UNADILLA

Plaintiff's Complaint names not only the John Doe officers who conducted her arrest and the individual members of the City Council, but also the City of Unadilla and the Mayor of Unadilla in his official capacity. The City and the Mayor in his official capacity are legally the same party. A suit against a government official in his official capacity is simply a suit against the government entity he represents. Owens v. Fulton County, 877 F.2d 947, 952 n.5 (11th Cir. 1989). Plaintiff brings federal claims against the City for constitutional deprivations under 42 U.S.C. § 1983, for discrimination on the basis of disability under the Americans with Disabilities Act, and for racial discrimination under Title VI of the Civil Rights Act of 1964. Plaintiff's constitutional claims fail because there is no evidence that the search and seizure of which she complains was the result of a policy or custom of the City. Her ADA claims fail because she has not produced evidence to support a prima facie case of discrimination. Her Title VI claims because she has not produced evidence that the City discriminated against her on the basis of race.

With regard to the constitutional claims, it is well established that "a local government may not be sued under Section 1983 for an injury inflicted solely by its employees and agents." Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). A government body is liable only when the injury is inflicted by "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Id. Plaintiff has not presented any evidence to show that any of the alleged violations of her rights were the result of a policy or custom of the City of Unadilla.

As to Plaintiff's ADA claims, there is insufficient evidence to create a genuine issue of material fact. Plaintiff brings her claims under Title II of the ADA, which prohibits discrimination against disabled persons by public entities. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To withstand summary judgment, Plaintiff must show that there is evidence, sufficient to create a genuine issue of material facts, as to three elements: (1) that she was a qualified individual with a disability as defined by the ADA; (2) that she either was excluded from participation in or denied the benefits of the services, programs, or activities of the government body or was otherwise subject to discrimination by the government body; and (3) that the exclusion, denial of benefit, or discrimination was by reason of her disability. See Bircoll v. Miami-Dade County, 480 F.3d 1072, 1083 (11th Cir. 2007).

Plaintiff has failed to create a genuine issue of material fact with regard to the second element of her prima facie case. As to the first element, Plaintiff claims that her disability was Post Traumatic Stress Disorder. Although Plaintiff has offered little information as to the nature of her condition or the extent to which it affected her major life activities, for purposes of this Order the Court assumes that there is at least a genuine issue of material fact as to whether she was a qualified individual with a disability.

As to the second element, there is no evidence to show that Plaintiff was excluded from participation in or denied the benefits of any service, program, or activity of the City of Unadilla or that she was otherwise subject to discrimination on account of her disability. To establish her ADA claim, Plaintiff must prove that the Unadilla Police were obligated to make reasonable modifications

9

to their procedures before, during, or after her arrest. She has failed to do so. She has not suggested any reasonable modification that should have been made to accommodate her condition, nor has she shown any evidence that her condition caused her to be the subject of discrimination. Plaintiff complains that Officer David Smith denied her request to allow her to smoke a cigarette in order to calm her nerves. She has not shown, however, that being allowed to smoke a cigarette would be a reasonable accommodation for her condition. Although there is no expert testimony in the record of the case, the Court suspects that doctors do not typically prescribe cigarette smoking as a treatment for PTSD. In any event, after her arrest, Plaintiff was taken to her house, where she was allowed to smoke a cigarette and where her sister-in-law was allowed to retrieve her prescribed medication for PTSD and also for eczema. Plaintiff's Dep., pp. 95-96.

Plaintiff has also failed to prove her claim of racial discrimination under Title VI. Title VI prohibits racial discrimination under any program or activity receiving federal funding. 42 U.S.C. § 2000d. There is no evidence in this case that the City of Unadilla or its police force is a program or activity receiving federal funding. In addition, there is no evidence tending to prove that Plaintiff's arrest was the result of racial discrimination. Plaintiff's allegation of racial discrimination appears to be based primarily on the fact that she is black while one of the officers who arrested her (David Smith) is white. This by itself is insufficient to create a genuine issue of material fact as to racial discrimination.

In her response brief, Plaintiff refers to three separate incidents that she argues are evidence of racial discrimination. In the first incident, Plaintiff contends that during her July 6, 2004 appearance in Municipal Court on the citation issued by Officer David Smith, a white defendant's request for a jury trial was honored while her request was denied. There is no evidence, however,

10

that her request for a jury trial was denied. The record indicates that Plaintiff's case has not yet been brought to trial. In the second incident, Plaintiff alleges that a white county commissioner was not prosecuted after he threatened her and two others with a gun. In the third incident, Plaintiff alleges that a white school bus driver refused to stop in front of Plaintiff's house in order to pick up her daughter. Plaintiff's unsworn statements in her brief do not present sufficient information to show how these alleged incidents would tend to prove racial discrimination was involved in her arrest. There is no indication that either of the John Doe officers was involved in any of these incidents, or that the unnamed people involved in those incidents were involved in this case in any way.

## V. TORT CLAIMS UNDER STATE LAW

Plaintiff's state law tort claims fail because she has not provided the necessary *ante litem* notice to the City as required by Georgia law. Georgia law requires that any person with claims for damages against a municipal corporation to present specific, written notice of the claim within six months of the event upon which the claim is predicated. O.C.G.A. § 36-33-5. Failure to comply with the notice provision within the required time period is a bar to any cause of action. Howard v. State, 226 Ga. App. 543, 487 S.E.2d 112 (1997). The Mayor, sued in his official capacity, is entitled to the same notice. Conley v. Dawson, 257 Ga. App. 665, 572 S.E.2d 34 (1974).

Against the members of the City Council in their individual capacities, Plaintiff's state law claims of battery, false arrest, and intentional infliction of emotional distress fail for lack of evidence that any of the council members had any personal involvement in the incidents of which she complains.

**VI.    CLAIMS RAISED IN PLAINTIFF'S RESPONSE BRIEF**

In her Brief in response to Defendants' motion for summary judgment, Plaintiff raises a number of new claims that were not pled in her Complaint. She has not sought leave to amend her Complaint to add these claims. A plaintiff "may not amend her complaint through argument in a brief opposing summary judgment." Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1315 (11th Cir. 2004). Furthermore, Plaintiff lacks standing to pursue these claims. One of the new claims arises under 42 U.S.C. § 14141, which authorizes only the Attorney General to bring a civil action. The other three claims arise under criminal statutes, 18 U.S.C. §§ 241, 242, 1001. These statutes do not impose civil liability.

For the reasons set forth above, the Clerk of Court is directed to dismiss all claims against Defendants John Doe, John Doe # 1, and John Doe # 2, without prejudice, and to enter judgment in favor of Defendants City of Unadilla, Sidney Hughes, Jeffery Minor, Dr. Bobby West, Clint Shugart, Greg Speight, Tony Lester, and Dexter Whittaker.

**SO ORDERED**, this 5th day of February, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

chw